UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SULAKHAN SINGH,

          Petitioner,

    v.

WARDEN, FACILITY
ADMINISTRATOR OF CALIFORNIA
CITY CORRECTIONS CETNER, et al.,

          Respondents.

No. 1:26-cv-02331-DAD-CKD

ORDER CONVERTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER INTO A MOTION FOR PRELIMINARY INJUNCTION AND GRANTING THAT MOTION

(Doc. No. 2)

On March 26, 2026, petitioner filed a motion for temporary restraining order wherein he alleges that he entered the United States on May 13, 2022, was released from initial border custody, and on March 5, 2026, he was re-detained without any warning, paperwork, or legitimate reason. (Doc. No. 2 at 7–8.) On March 27, 2026, respondents filed their opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) Therein, respondents concede that petitioner was previously detained and released on his own recognizance but argue that petitioner should, at most, receive a bond hearing because he violated his ISAP, thereby justifying his re-detention. (*Id.* at 5.) Respondents also state that they are amenable to the court converting petitioner's motion for temporary restraining order into a motion for preliminary injunction. (*Id.* at 1.)

The court is persuaded by the district court's reasoning in *Tinoco v. Noem*, No. 1:25-cv-01762-DC-JDP (HC), 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) where the district court

1

concluded that where, as here, the petitioner has previously been released on his own recognizance, respondents claim petitioner was re-detained due to violations of the terms of his release, and yet petitioner has not been afforded a bond hearing to determine whether those violations render him a flight risk or danger, petitioner's due process rights have been violated and the appropriate remedy is the petitioner's immediate release.

For the reasons explained above,

1. Petitioner's motion for temporary restraining order (Doc. No. 2) is CONVERTED into a motion for preliminary injunction and GRANTED as follows:

 a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his March 5, 2026 re-detention;

 b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure;

3. The petition for habeas corpus (Doc. No. 1) is REFERRED to Magistrate Judge Carolyn K. Delaney for further proceedings; and

4. The Clerk is directed to serve The California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:  **April 2, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE